NORTH CAROLINA

ORANGE COUNTY

IN THE COURT OF GENERAL JUSTICE
SUPERIOR COURT DIVISION
FILE NO. 19 CvS _____

FILED
2019 FEB -1 P 1:34
ORANGE CO., C.S.C.
BY_____

ELIZABETH V. FORTSON, )
         Plaintiff )
)
vs. )    COMPLAINT
)    (Class Action)
)
GARRISON PROPERTY AND CASUALTY )
INSURANCE COMPANY, )
)
         Defendant. )

Plaintiff, by and through counsel, and on behalf of herself and all others similarly situated, allege as follows against Defendant:

**NATURE OF THE ACTION**

1. When a person's vehicle is totaled in an accident, an automobile insurance company must not underpay claims by manipulating the data used to value the vehicle.

2. Under the terms of the defendant's insurance policies, a person suffering a total loss of a vehicle due to a no-fault accident is entitled to recover at least the actual cash value (ACV") under the collision part of the policy. According to the North Carolina Department of Insurance, ACV represents the local market value of the totaled vehicle.[1] As further indicated by the North Carolina Department of Insurance, there are two ways to determine local market value: (1) by using the local price of a comparable vehicle; or (2) if no comparable vehicle can be located, dollar estimates from at least two qualified dealers within the local area.[2]

---

[1] NC Department of Insurance – A Consumer's Guide to Automobile Insurance.
[2] Id.

3. Garrison Property and Casualty Insurance Company ("Garrison" or "Defendant") regularly engages in procedures designed to improperly reduce the ACV of a total loss vehicle. Specifically, Garrison reduces the value of comparable vehicles by an arbitrary amount that it deems a "condition adjustment" without itemizing or explaining the basis for the adjustment. Garrison applies a uniform "condition adjustment" to multiple comparable vehicles involved in a valuation without even distinguishing one vehicle from the next. These arbitrary and unjustified condition adjustments artificially and improperly reduce claim payments by hundreds or thousands of dollars.

4. Under the terms of the defendant's insurance policies, a person suffering a total loss of a vehicle due to an accident with a liable uninsured driver is entitled to recover the full replacement value of the vehicle under the uninsured motorist part of the policy. Under Garrison's standard procedures, Garrison utilizes the same policies and procedures to adjust a claim for the total loss of a vehicle regardless of whether the loss occurred due to a no-fault accident or due to a collision with a liable uninsured vehicle. In both scenarios, Garrison's systematic under-valuations and underpayments violate its insurance contracts. Garrison's actions also violate North Carolina prohibitions on consumer deception and settling insurance claims in bad faith.

5. Plaintiff brings this class action on behalf of all those insured under automobile insurance policies issued in the State of North Carolina by Garrison whose claim valuations were reduced by artificial, unexplained "condition adjustments."

6. Plaintiff seeks for herself and the class compensatory damages, treble damages, and attorney's fees, as well as declaratory and injunctive relief.

- 2 -

Case 1:19-cv-00294-CCE-JLW    Document 4    Filed 03/15/19    Page 2 of 13

## PARTIES, JURISDICTION, AND VENUE

7. Plaintiff is currently a citizen and resident of Orange County, North Carolina and she appears herein in her individual capacity and as a representative of the class more fully set forth herein.

8. Upon information and belief, Defendant is a foreign insurance corporation licensed to do business in the State of North Carolina by the North Carolina Commissioner of Insurance and Defendant regularly writes and issues policies of automobile insurance within the State of North Carolina including Orange County, North Carolina.

9. Orange County Superior Court is the proper trial division for this case as the amount in controversy exceeds Twenty-Five Thousand Dollars ($25,000).

10. Jurisdiction and venue are otherwise properly held with this Honorable Court.

## FACTUAL ALLEGATIONS

11. All allegations contained in previous paragraphs are incorporated herein by reference.

12. To calculate its offer and payment for total losses to motor vehicles, Garrison regularly obtains a "Market Valuation Report" from a third-party company called CCC Information Services, Inc. ("CCC").

13. These reports from CCC purport to contain values for comparable used vehicles recently sold or for sale in the geographic area of the insured. The reports contain a purported valuation for the loss vehicle based upon the data in the report.

14. Garrison offers its insureds a claim settlement for the vehicle total loss equivalent to the valuation amount found in the reports from CCC.

15. The valuation reports reduce the estimated values of comparable vehicles, citing a "condition adjustment," but fail to itemize or explain the basis for these condition

adjustments. These condition adjustments are arbitrary and unjustified. Indeed, even though each comparable vehicle has unique characteristics, the reports reduce the value of multiple comparable vehicles by the same amount, down to the last dollar, without any itemization or explanation for the amount. These blind and arbitrary reductions bear no relation to the value of the comparable vehicles or the loss vehicle. The application of an arbitrary condition adjustment to reduce the value of comparable vehicles artificially reduces the valuation of the loss vehicle to benefit the insurer at the expense of the insured.

16. As of October 2, 2016, Plaintiff was insured under a policy of insurance issued by Defendant and further denominated as policy number 016743005 (the "Policy").

17. On October 2, 2016, Plaintiff was involved in an accident in Wake County, North Carolina.

18. As a result of the accident, Plaintiff's 2004 Cadillac CTS was damaged to such an extent that the vehicle was a total loss.

19. The accident involved an at-fault vehicle that had no liability insurance.

20. The Policy included coverage for the total loss of Plaintiff's vehicle under both the collision portion of the policy as well as the uninsured motorist portion of the policy.

21. As a result of the total loss of Plaintiff's vehicle in the accident, Plaintiff was entitled to either the actual cash value of the vehicle or the replacement cost of the vehicle.

22. Following the accident described above, Plaintiff asserted a claim to Garrison for the total loss of Plaintiff's vehicle.

23. Garrison offered to pay, and did pay, $6,962.70 attributable to the value of the vehicle, citing its CCC valuation report. The valuation report listed values of ten different

purportedly comparable vehicles and applied a uniform condition adjustment of $722.00 to all ten of them without itemizing or explaining the basis of the adjustment. The report reduced the amount of these comparable vehicles by exactly the same amount, regardless of any individual differences in the condition of the vehicles. These blanket adjustments were arbitrary and unjustified, and they resulted in an underpayment to Plaintiff of $775.00 and Plaintiff has been damaged in this amount plus interest.

24. In what amounts to a systematic and designed policy to reduce valuations for total losses such as the total loss experienced by Plaintiff, Garrison bases its offers and payments for total losses on manipulated data and reports that do not meet Garrison's duties under North Carolina law, imposing arbitrary and unexplained "condition adjustments" to artificially reduce the values of comparable vehicles.

25. Garrison has acted with at least reckless disregard of the rights of others by manipulating the numbers to settle total loss claims. Garrison has devised valuation methods that are unfair, misleading, deliberately inconsistent, and calculated to confuse and deceive consumers and their advocates in the settlement process.

26. Garrison's practices have cost consumers hundreds of thousands of dollars, if not more, in losses as their claims go underpaid. Meanwhile, Garrison reaps these same amounts in wrongful profits by betraying the trust of its insureds.

## CLASS ACTION ALLEGATIONS

27. This action is brought by Plaintiff as a representative of all others similarly situated under the provisions of Rule 23(a) of the North Carolina Rules of Civil Procedure for

- 5 -

compensatory damages, injunctive relief, court costs and attorneys' fees as set forth in more detail below.

28. The class represented by Plaintiff in this action, and of which Plaintiff is a members, consists of all persons or entities insured by Garrison under a Garrison private passenger vehicle policy who, from the earliest allowable time to the present, received a first-party total loss settlement or settlement offer based in whole or in part on the price of comparable vehicles reduced by a "condition adjustment" as described above.

29. Excluded from the class are Defendant, any entity in which the Defendant has controlling interest, any employees, officers or directors of the Defendant, the legal representatives, heirs, successors, and assigns of Defendant, any judge or employee of the Court assigned to work on this lawsuit, and Plaintiff's attorneys and staff.

30. While the exact number of members cannot be determined, the class consists at a minimum of hundreds of persons located throughout the State of North Carolina. The members of the class are therefore so numerous that joinder of all members is impracticable. The exact number of class members can readily be determined by documents produced by Garrison.

31. There are questions of fact and law common to the class, including the following:
    a. Whether Garrison applied arbitrary and unexplained condition adjustments to comparable vehicles to calculate the value of loss vehicles;
    b. Whether, through the foregoing practices, Garrison breached its contracts with its insureds;
    c. Whether, through each of the foregoing practices, Garrison committed a breach of the common law duty of good faith and fair dealing;

d. Whether, through each of the foregoing practices, Garrison violated North Carolina's laws on claims handling, including, but not limited to N.C. Gen. Stat. § 58-63-15; and

e. Whether Garrison's use of improper condition adjustments to value loss vehicles caused damage to Plaintiff and the class;

f. Whether Garrison's actions were unreasonable, frivolous, or unfounded;

g. Whether Garrison's actions were reckless, malicious, or willful;

h. Whether Plaintiff and the class are entitled to an award of compensatory damages;

i. Whether Plaintiff and the class are entitled to an award of treble damages;

j. Whether Plaintiff and the class are entitled to an award of attorney's fees;

k. Whether Plaintiff and the class are entitled to declaratory and injunctive relief.

32. Plaintiff has the same interests in this matter as all other members of the class, and her claims are typical of those of all members of the class. Plaintiff's claims are coincident with and not antagonistic to those of other class members she seeks to represent. Plaintiff and all class members have sustained damages arising out of Garrison's common course of conduct as outlined herein. The damages of each class member were caused by Garrison's wrongful conduct.

33. Plaintiff is committed to pursuing this action and has retained competent class counsel experienced in insurance litigation and class action litigation. Plaintiff will fairly and adequately represent the interests of the class members.

34. Class certification is appropriate under Rule 23 of the North Carolina Rules of Civil Procedure because Garrison's actions are generally applicable to the class as a whole, and Plaintiff seeks, *inter alia*, equitable remedies with respect to the class as a whole.

35. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because the common questions of law and fact enumerated above predominate over questions affecting only individual members of the class, and a class action is the superior method for fair and efficient adjudication of the controversy. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation. Plaintiff's counsel, highly experienced in insurance litigation and class action litigation, foresees little difficulty in the management of this case as a class action.

## FIRST CLAIM FOR RELIEF
## BREACH OF CONTRACT

36. Plaintiff incorporates by reference the allegations set forth above.

37. Plaintiff, and members of the class, contracted with Garrison for the provision of automobile insurance through the issuance of policies of insurance.

38. Garrison has breached the contract by not offering to settle and by not settling claims based upon the appropriate value of loss vehicles. Garrison improperly reduced the value of Plaintiff's vehicle and the vehicles of members of the class by basing its valuation and payment of claims on values of comparable vehicles that have been artificially reduced by an arbitrary and unjustified "condition adjustment" that is further not itemized or explained.

39. Garrison's numerous breaches have resulted in a systematic failure to pay the appropriate value of total loss vehicles as required by the policies of insurance.

40. Garrison's breaches and violations have caused damage to Plaintiff and the members of the class.

## SECOND CAUSE OF ACTION
## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

41. Plaintiff incorporates by reference the allegations set forth above.

42. Garrison owed Plaintiff and class members, as its insureds, a duty of good faith and fair dealing at all times during the existence of the insurance contract and while providing automobile insurance coverage, including when handling total loss claims for its insureds.

43. Garrison purposefully, in bad faith, and without regard to the rights of the Plaintiff and the class, failed to pay the appropriate value of total loss vehicles. Garrison's actions breached the insurance contract and were unreasonable, frivolous, and unfounded.

44. Garrison's unfair acts and/or acts of bad faith include (1) basing its valuation and payment of the claim on values of comparable vehicles that have been artificially reduced by an arbitrary and unjustified "condition adjustment" that is further not itemized or explained.

45. Garrison breached the covenant of good faith and fair dealing with the aforementioned conduct.

46. Garrison's breach of the obligation of good faith and fair dealing caused Plaintiff and class members to incur damages.

## THIRD CLAIM FOR RELIEF
## UNFAIR AND DECEPTIVE TRADE PRACTICES

47. Plaintiff incorporates by reference the allegations set forth above.

48. That Garrison is engaged in the business of insurance in the State of North Carolina.

49. That the business of insurance qualifies as "in or affecting commerce."

50. That Garrison had and has a duty to act in good faith when handling the claims under the Policy issued to Plaintiff as well as policies issued to class members.

51. That Garrison had and has a statutory duty to act in good faith to effectuate a prompt resolution of claims arising under insurance policies including the Plaintiff's claim and claims of class members pursuant to N.C. Gen. Stat. § 58-63-15(11)(f).

52. That Garrison had a statutory duty to not compel Plaintiff and class members to initiate litigation in order to recover the amounts due under the policies of insurance pursuant to N.C. Gen. Stat. § 58-63-15(11)(g).

53. Garrison breached the foregoing statutory duties in the course of its handling of the Plaintiff's claim and claims of class members by engaging in the following acts or practices in addition to acts and practices as more fully alleged above:

    a) Failing to exercise good faith in promptly resolving the claims with an appropriate payment to Plaintiff and class members;

    b) By acting in other ways as more fully described herein which constitute a violation of the statutory obligations set forth in N.C. Gen. Stat. § 58-63-15(11).

54. Garrison's statutory violations of N.C. Gen. Stat. § 58-63-15(11) and its subparts constitute violations of Chapter 75 of the North Carolina General Statutes including N.C. Gen. Stat. § 75-1.1.

55. As a direct and proximate result of Garrison's statutory violations of N.C. Gen. Stat. § 58-63-15(11) and its subparts, and therefore Garrison's violations of Chapter 75 including N.C. Gen. Stat. § 75-1.1, Plaintiff and class members have foreseeably suffered damages.

- 10 -

Case 1:19-cv-00294-CCE-JLW    Document 4    Filed 03/15/19    Page 10 of 13

56. The acts alleged herein were willful, wanton, or intentionally wrongful such that punitive damages should be imposed against Garrison under N.C. Gen. Stat. § 1D-1 *et seq.*

## FOURTH AND FIFTH CAUSES OF ACTION
## DECLARATORY AND INJUNCTIVE RELIEF

57. Plaintiff incorporates by reference the allegations set forth above.

58. Plaintiff brings this cause of action for declaratory relief for herself and the class pursuant to N.C. Gen. Stat. § 1-253 et seq. seeking a declaration that, for those who maintain an auto insurance policy with Garrison, it is a violation of North Carolina law and the insurance contract for Garrison to (1) base its valuation and payment of the claim on values of comparable vehicles that have been artificially reduced by an arbitrary and unjustified "condition adjustment" that is not itemized or explained.

59. This court has the power to declare the rights of said Garrison policyholders and those who would be insured under such policies and who may suffer similar losses in the future, as well as those who have suffered valuation-related losses.

60. Plaintiff, for herself and on behalf of the class, seeks a declaration of her rights under the Garrison policy, and seeks a declaration of the rights and liabilities of the parties herein.

61. With respect to Garrison's continuing unlawful practices, Plaintiff has no plain, speedy, or adequate remedy at law, the interests of the parties favor an injunction, and an injunction is in the public interest. Plaintiff therefore seeks an order permanently enjoining Garrison from basing its valuation and payment of the claim on values of comparable vehicles that have been artificially reduced by an arbitrary and unjustified "condition adjustment" that is not itemized or explained.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays the Court as follows:

1. That after due proceedings, this action be certified as a class action pursuant to Rule 23 of the North Carolina Rules of Civil Procedure;

2. That in due course, this action proceed as a class action, pursuant to the above named provisions, to judgment as therein provided in favor of Plaintiff, and the class Plaintiff represents, and against Defendant;

3. That Plaintiff, and the class Plaintiff represents, have and recover damages of the Defendant pursuant to the claims for relief set out in this Complaint;

4. That Plaintiff, and the class Plaintiff represents, have declaratory and injunctive relief against Defendant as set forth in the Complaint;

5. That Plaintiff, and the class Plaintiff represents, have and recover prejudgment and post judgment interest at the maximum legal rate;

6. That the Plaintiff, and the class Plaintiff represents, have and recover attorneys' fees as allowed by law;

7. That the Plaintiff, and the class Plaintiff represents, have and recover the costs of this action as allowed by law; and

8. For such other and further relief as the Court deems just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

This the 30th day of January, 2019.

*[signature]*
J. Michael Malone, Esq.
N.C. State Bar No.: 26512
Hendren Redwine & Malone, PLLC
4600 Marriott Drive
Suite 150
Raleigh, NC 27612
Telephone: (919) 573-1423
Facsimile: (919) 420-0475
mmalone@hendrenmalone.com