# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ELIZABETH V. FORTSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:19CV294 |
| | ) |
| GARRISON PROPERTY AND | ) |
| CASUALTY INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Garrison Property and Casualty Insurance Company's renewed motion to compel appraisal. (Docket Entry 34.) Plaintiff Elizabeth V. Fortson has filed a response. (Docket Entry 36.) For the reasons stated herein, the Court will grant Defendant's renewed motion to compel appraisal.

## I. BACKGROUND

Plaintiff was the owner of a vehicle that was a total loss after it was damaged by an at-fault motorist that lacked liability insurance. (Amended Complaint ¶¶ 23-24, 26, Docket Entry 14.) Defendant was her insurance provider at the time of the accident. (*Id.* ¶ 22.) Defendant paid Plaintiff $6,962.70 for the vehicle loss, but Plaintiff contends that it improperly deducted $722.00 from the vehicle's value via a "Condition Adjustment." (*Id.* ¶¶ 30, 34, 41-43.)

Central to the dispute regarding the instant motion are two provisions of the insurance policy that governes the parties' agreement. Part C of the policy pertains to coverage for accidents involving uninsured or underinsured motorists. (Docket Entry 10-1 at 20-28.) Part

1

D includes coverage for loss of a covered automobile through a collision. (*Id.* at 28-33.) Part C provides that "[n]o payment will be made for loss paid or payable to the insured under Part D or any policy of property insurance." (*Id.* at 22, 27.) Furthermore, Part D includes a provision for appraisal, stating

> If [the insurer and the insured] do not agree on the amount of the loss, either may demand an appraisal of the loss. In this event, each party will select a competent appraiser. The two appraisers will select an umpire. The appraisers will state separately the actual cash value and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>
> 1. Pay its chosen appraiser; and
> 2. Bear the expenses of the appraisal and umpire equally.

(*Id.* at 32.)

Plaintiff initiated this action by filing a complaint in state court. (Docket Entry 4.) On March 15, 2019, Defendant removed the complaint to federal court. (Docket Entry 1.) Defendant also filed a "Motion to Dismiss for Failure to State a Claim; Or, in the Alternative, Compel Appraisal and Stay the Case" on March 22, 2019. (Docket Entry 9.) Plaintiff filed an amended complaint and a response to the motion on April 10, 2019. (Docket Entries 14, 15.) In the amended complaint, Plaintiff alleged claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and unfair and deceptive trade practices under North Carolina law. (Am. Compl., 12-13.) Defendant then filed a second motion to dismiss for failure to state a claim on May 6, 2019. (Docket Entry 18.)

On June 19, 2019, the Court entered an order denying both of Defendant's motions to dismiss for failure to state a claim. (Docket Entry 27.) The Court also denied Defendant's motion to stay and to compel appraisal without prejudice. (*Id.*) In the order, the Court first

2

declined the motion to stay because appraisal was not likely to resolve Plaintiff's good faith and unfair and deceptive trade practices claims. (*Id.* at 1-2.) The Court further wrote that "it is not completely clear that the method of calculating [Plaintiff's]] loss is the same under Parts C and D,"[1] or "that the appraisal provision under Part D is a condition precedent to filing the claims for relief asserted in this matter." (*Id.* at 2.) However, the Court also noted that, given "the plaintiff's claims appear dependent on the factual assertion that she was not paid the actual cash value of her car, appraisals may at some point be appropriate if not required." (*Id.* at 3.)

On September 19, 2019, Defendant filed the instant motion, again seeking to compel an appraisal. (Docket Entry 34.) Plaintiff filed a response on October 7, 2019. (Docket Entry 36.) Defendant filed its reply on October 21, 2019. (Docket Entry 39.)

## II. DISCUSSION

The Court understands Defendant's argument in favor of compelling appraisal to be as follows. First, Part D of the insurance policy, which contains the appraisal provision, applies to Plaintiff's claims in this suit.[2] (*See* Docket Entry 35 at 8.) Second, the appraisal provision in Part D is mandatory once invoked by either party. (*See id.*) Finally, appraisal would be proper because Plaintiff's claims concern only vehicle valuation. (*See id.*)

---

[1] As the Court explained, this is relevant because, if the calculated loss is higher under Part C than Part D, "it is not clear why [the method prescribed by Part C] would not apply." (Docket Entry 27 at 2.)

[2] The Court has already noted that "the appraisal provision does not appear to apply to [Plaintiff's] good faith claim or . . . unfair trade practices claim." (Docket Entry 27 at 2.) Thus, the issue is whether the breach of contract claim can be resolved by an appraisal.

3

The Court first concludes that Part D does apply to Plaintiff's breach of contract claim. Plaintiff argues that Part D does not apply to her loss here, because Part C may provide a higher payment to Plaintiff. (Docket Entry 36 at 10.) Defendant, in turn, states that Part C cannot compensate for the vehicle loss any more than Part D does. (Docket Entry 35 at 8-9.) The language regarding calculation of payment indeed differs between Parts C and D. Part C states that Defendant "will pay compensatory damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of . . . [p]roperty damage caused by an accident." (Docket Entry 10-1 at 20.) In contrast, Part D guarantees the "actual cash value" of a lost vehicle. (*Id.* at 31.) Despite these differences, it is clear here that Plaintiff is not entitled to additional payment for property damage or loss under Part C that she is not already entitled to under Part D. In North Carolina, property loss for the purposes of damages is measured by "the difference between the market value immediately before the injury and the market value immediately afterwards." *Phillips v. Chesson*, 58 S.E.2d 343, 347 (N.C. 1950). Because Plaintiff's vehicle is a total loss, she would be entitled to the market value of the vehicle under Part C. "The terms 'actual cash value,' 'fair market value,' and 'market value' are generally synonymous."[3] *Surratt v. Grain Dealers Mut. Ins., Co.*, 328 S.E.2d 16, 20 (N.C. App. 1985). Because the payout calculation in Parts C and D are synonymous,

---

[3] Of course, there may be contexts in which "actual cash value" and "fair market value" or "market value" are not synonymous. *See Surratt*, 328 S.E.2d at 20 ("The tests generally used to determine actual cash value are the market value of the property, the reproduction or replacement cost, and the broad evidence rule."). However, the Court sees no reason why the terms are not synonymous in the context of valuing a total-loss vehicle.

4

and because Part C does not apply to any payment paid or payable under Part D, Part D solely applies here.[4]

The Court next determines that the appraisal provision in Part D is mandatory once invoked. The language of the provision makes clear that, once a party properly invokes it, the other has no choice but to engage in the appraisal process.[5] *See infra* at 2.

Finally, the Court concludes that appraisal is proper given Plaintiff's breach of contract claim. Defendant contends that the dispute between the parties is about the valuation of the lost vehicle. (Docket Entry 35 at 9.) Plaintiff avers that she does not challenge the valuation of the vehicle, but rather the right of Defendant to deduct a condition adjustment from the payment to Plaintiff, and that appraisal cannot resolve this issue. (Docket Entry 13-14.) The Court disagrees and notes this argument contradicts Plaintiff's Amended Complaint. For example, Plaintiff alleges that Defendant "has breached the contract by not offering to settle and by not settling claims based upon the appropriate value of loss vehicles." (Am. Compl. ¶ 61.) Thus, this dispute is properly characterized as one regarding the value of the loss vehicle and the payment owed to Plaintiff. Appraisal is therefore appropriate.

---

[4] Plaintiff argues that the difference in language between Parts C and D is significant. (Docket Entry 36 at 11-12.) However, the Court is unpersuaded. It is unsurprising that the parts use different terms, because Part C, unlike Part D, includes compensation for personal injury, in which a term like "actual cash value" does not seem applicable. (*See* Docket Entry 10-1 at 20.)

[5] Plaintiff's argument that an appraisal is not a prerequisite for filing suit is irrelevant here. (*See* Docket Entry 36 at 13.) While Defendant did argue in its initial motion that appraisal was a prerequisite to filing suit, it does not do so here. (*Compare* Docket Entry 10 at 14 *with* Docket Entry 35.)

## III. CONCLUSION

For the reasons stated herein, **IT IS HEREBY ORDERED** that Defendant's Renewed Motion to Compel Appraisal (Docket Entry 34) is **GRANTED**.

_____
Joe L. Webster
United States Magistrate Judge

October 29, 2019
Durham, North Carolina